UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESMATULLAH SULIMANKHEL,<br><br>Petitioner,<br><br>v.<br><br>JEREMY CASEY, et al.,<br><br>Respondents. | Case No.: 26-cv-2042-JES-MSB<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO APPOINT COUNSEL; and**<br><br>**(2) CONDITIONALLY APPOINTING COUNSEL**<br><br>**[ECF No. 1]** |

Before the Court is Petitioner Esmatullah Sulimankhel's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition"), filed on March 30, 2026. ECF No. 1.

Having reviewed the petition, the Court finds that representation will serve the interests of justice. 18 U.S.C. § 3006A(a)(2)(B); *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). Accordingly, the Court **GRANTS** the motion to appoint counsel and hereby **CONDITIONALLY APPOINTS** Federal Defenders of San Diego, Inc., as counsel, effective immediately. The Court **ORDERS** Petitioner to submit a form CJA 23 financial affidavit by **April 10, 2026,** to demonstrate his financial eligibility. *See* 18 U.S.C. § 3006A(b); *Terrovona v. Kincheloe*, 912 F.2d 1176, 1181–82 (9th Cir. 1990). If Federal

1

Defenders of San Diego, Inc., determines that Petitioner is not financially eligible for appointed counsel, or that it does not have the capability to represent him, Federal Defenders of San Diego, Inc., shall notify Petitioner and file notice with this Court by **April 10, 2026**. If so, Petitioner shall continue unrepresented. If Federal Defenders choose to accept representation, Petitioner may file an amended Petition no later than **April 17, 2026**.

To preserve the Court's jurisdiction pending a ruling in this matter, Petitioner shall not be removed from this District unless and until the Court orders otherwise. *See Doe v. Bondi*, Case. No. 25-cv-805-BJC-JLB, 2025 WL 1870979 at *2 (S.D. Cal. June 11, 2025) ("Federal courts retain jurisdiction to preserve the status quo while determining whether it has subject matter jurisdiction over a case and while a petition is pending resolution from the court.") (citing cases); *A.M. v. LaRose et al.*, 25-cv-01412, ECF No. 2 (S.D. Cal. June 4, 2025) ("Pursuant to Petitioner's request for a Temporary restraining order, the Court hereby (1) RESTRAINS and ENJOINS Respondents, their agents, employees, successors, attorneys, and all persons in active concert and participation with them, from removing Petitioner A.M. from the United States or this District pending further order of this Court"); *see also A.A.R.P v. Trump*, 605 U.S. 91, 97 (2025) (Federal courts have "the power to issue injunctive relief to prevent irreparable harm to the applicant and to preserve [] jurisdiction over the matter."); *Nguyen v. Scott*, No. 2:25-CV-01398, 2025 WL 2097979, at *3 (W.D. Wash. July 25, 2025) (enjoining the Respondents from removing Petitioner without approval from the court).

**IT IS SO ORDERED.**

Dated: April 3, 2026

_____
Honorable James E. Simmons Jr.
United States District Judge